1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | Case No.: 5:12-CV-05284-LHK |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING MOTION TO |
| v. | ) | STRIKE AFFIRMATIVE DEFENSES |
| | ) | |
| MICHAEL DENNIS BARWICK, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before the Court is Plaintiff J & J Sports Productions, Inc.'s Motion to Strike the Affirmative Defenses set forth in the Answer of Defendant Michael Dennis Barwick's a/k/a Dennis Barwick, individually and doing business as Luxe Lounge ("Barwick" or "Defendant"). ECF No. 12 ("Mot."). Pursuant to Civil Local Rule 7-1(b), the Court has determined that this matter is appropriate for resolution without a hearing. Accordingly, the May 16, 2013 hearing on the Motion to Strike is VACATED. However, the Case Management Conference set for May 16, 2013, will be held as scheduled. Having considered the submissions of the parties and the relevant law, the Court GRANTS Plaintiff's Motion to Strike.

I.      BACKGROUND

On October 12, 2012, Plaintiff filed a complaint against Defendant for alleged violations of the Communications Act of 1934, 47 U.S.C. § 605, *et seq.*, the Cable & Television Protection and

1

Competition Act of 1992, 47 U.S.C. § 553 *et seq.*, and the California Business and Professions Code § 1700, *et seq.*, as well as a claim for conversion. Compl. ¶ 1. Plaintiff alleges that Plaintiff owns exclusive nationwide commercial distribution rights to *Bernard Hopkins v. Chad Dawson, Light Heavyweight Championship Fight Program* (the "Program") *Id*. ¶ 16. Defendant Barwick is a managing member of Luxe Sports Bar & Lounge, LLC, which owns and operates Luxe Lounge, a commercial establishment in Monterey, California. *Id.* ¶¶ 7, 8. Plaintiff alleges that on October 15, 2011, Defendant unlawfully intercepted or displayed the Program at Defendant's commercial establishment. *Id*. ¶ 19.

On December 10, 2012, Defendant filed an Answer, in which Defendant asserted eleven affirmative defenses. *See* ECF No. 11. ("Answer" or "Ans."). On December 27, 2012, Plaintiff filed a Motion to Strike all eleven of the affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). Defendant has not filed an Opposition to Plaintiff's Motion.

## II.  MOTION TO STRIKE

### A.  Legal Standard

Federal Rule of Civil Procedure 8(b)(1) requires a party to "state in short and plain terms its defenses to each claim asserted against it. Fed. R. Civ. P. 8(b)(1). Federal Rule of Civil Procedure 8(c) similarly requires that a party "affirmatively state any avoidance or affirmative defense."

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A Rule 12(f) motion to strike serves "to avoid the expenditures of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S.Ct. 1023, 127 L. Ed. 2d 455 (1994). A defense may be stricken as insufficient if it fails to give plaintiff "fair notice" of the defense. *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 827 (9th Cir. 1979); *see generally* Fed. R. Civ. P. 8. A court may also strike from an answer matter that is immaterial, *i.e.*, "that which has no essential or important relationship to the claim for relief or the defenses being plead," or matter that is impertinent, *i.e.*, that which does not pertain, and is not necessary, to the issues in question.

United States District Court
For the Northern District of California

1    *Fantasy*, 984 F.2d at 1527 (quoting 5C Charles A. Wright & Arthur R. Miller, *Federal Practice*

2    *and Procedure* § 1382, at 706-07 (1990)).

3            The Courts in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d

4    929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009), set a

5    heightened "plausibility" pleading standard for complaints.  The vast majority of district courts

6    have held that the standard set forth in *Twombly* and *Iqbal* apply to affirmative defenses as well.

7    *See Perez v. Gordon & Wong Law Group, P.C.*, No. 11-03323, 2012 WL 1029425, at *8 (N.D.

8    Cal. March 26, 2012 (collecting cases).  "This standard 'serve[s] to weed out the boilerplate listing

9    of affirmative defenses which is commonplace in most defendants' pleadings where many of the

10   defenses alleged are irrelevant to the claims asserted.'" *Id.* (quoting *Barnes v. AT & T Pension*

11   *Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010)).  "This

12   standard is also consistent with *Iqbal's* admonition that fair notice pleading under Rule 8 is not

13   intended to give parties free license to engage in unfounded fishing expeditions on matters for

14   which they bear the burden of proof at trial." *Id.* (citing *Iqbal*, 556 U.S. at 678-79).

15           Applying the standards set forth in *Twombly* and *Iqbal*, the Court holds that "[w]hile a

16   defense need not include extensive factual allegations in order to give fair notice, bare statements

17   reciting mere legal conclusions [are] not… sufficient." *Id.* at *5 (quoting *Scott v. Fed. Bond and*

18   *Collection Serv., Inc.*, No. 10-02825, 2011 WL 176846, at *4 (N.D. Cal. Jan. 19, 2011)).  In order

19   to satisfy Rule 8, "a defendant's pleading of affirmative defenses must put a plaintiff on notice of

20   the underlying factual bases of the defense." *Id.* at *8 (quoting *Dion v. Fulton Friedman &*

21   *Gullace LLP*, No. 11-2727 SC, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012) (internal citations

22   omitted)).

23   **III.    DISCUSSION**

24           Here, Plaintiff moves to strike each of the eleven affirmative defenses set forth in

25   Defendant's Answer.  These defenses include: (1) failure to state a claim; (2) lack of causation; (3)

26   good faith/due care; (4) copyright; (5) standing; (6) lack of damages; (7) willfulness; (8) statute of

27   limitations; (9) fair use doctrine; (10) license; and (11) proximate cause of losses.  The Court will

28   address each defense below.

---

**United States District Court**
For the Northern District of California

3

Case No.: 5:12-CV-05284-LHK
ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES

**United States District Court**
For the Northern District of California

A.   **Each of Defendant's Affirmative Defenses Fails Because They Are Not Supported by Any Factual Allegations**

As a threshold matter, each of Defendant's affirmative defenses fails because they are not supported by facts as required by Rule 8. *See Perez*, 2012 WL 1029425 at *8 (holding that, in order to satisfy Rule 8, "a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense").

For example, Defendants fifth affirmative defense (lack of standing) alleges that "Plaintiff lacks standing to bring suit under the counts alleged in the Complaint" Ans. at 8.  The Complaint alleges that Plaintiff has exclusive rights to the Program and that Defendant unlawfully intercepted its transmission and displayed it without authorization. *See e.g.* Compl. ¶¶ 11, 16, 19.  Plaintiff has therefore adequately alleged standing. *See J & J Sports Prods., Inc. v. Montanez*, No. 10-01693, 2010 WL 5279907, at *3 (E.D. Cal. Dec.13, 2010) (holding that allegations that Plaintiff owned exclusive distribution right to program and that defendants unlawfully displayed the program were sufficient to establish standing); *G & G Closed Circuit Events, LLC v. Nguyen*, 10-CV-00168-LHK, 2010 WL 3749284, at *4 (N.D. Cal. Sept. 23, 2010) (same).  Defendant has alleged no contrary facts.  Accordingly, Defendant's fifth affirmative defense fails and must be stricken because it is not supported by factual allegations showing that Plaintiff lacks standing.

Similarly, Defendant's eighth affirmative defense (statute of limitations) asserts in conclusory fashion that Plaintiff's claims are "barred by the applicable statute of limitations." Ans. at 9.  This defense is also insufficient as a matter of law.  The statute of limitations for violations of Sections 553 and 605 is one year.  *DirecTV v. Webb*, 545 F.3d 837, 847-48 (9th Cir. 2008); *Kingsvision Pay-Per-View, Ltd. v. Barron*, No. 08-02413, 2009 WL 347263, at *2 (N.D. Cal. Feb. 6, 2009).  In California, the statute of limitations for conversion is three years.  Cal. Civ. Proc. Code § 338(c); *AmerUS Life Ins. Co. v. Bank of America, N.A.*, 143 Cal. App. 4th 631, 639 (2006).  The statute of limitations for violations under the UCL is four years.  Cal. Bus. & Prof. Code § 17208.  Plaintiff alleges that the Program was broadcast on October 15, 2011, and the Complaint was filed less than one year later on October 12, 2012.  These allegations establish that Plaintiff's claims were brought within the applicable statute of limitations periods.  Defendant does not allege any contrary facts from which it may be inferred that Plaintiff's claims were not brought within the

4

**United States District Court**
For the Northern District of California

1  statute of limitations period.  Therefore, Defendant's statute of limitations defense fails and must

2  be stricken.

3        Likewise, Defendant's tenth affirmative defense (license) alleges that "Defendant had a

4  license to use every work claimed to be owned or assigned to Plaintiff."  Ans. at 9.  However,

5  Defendant fails to include any factual allegations supporting Defendant's claim that Defendant had

6  a license to display the Program.  Consequently, this defense fails and must be stricken.

7        Defendant's remaining defenses are similarly unsupported by factual allegations.  *See e.g.*

8  Ans. at 8 ("As a sixth… affirmative defense…. Defendant alleges that Plaintiff was not damaged

9  by the purported acts of Defendant…."); *id.* at 9 ("As for a ninth… affirmative defense…

10  Defendant alleges that each and every claim is barred… by the privilege of fair use").

11  Accordingly, each of Defendant's affirmative defenses must also be stricken.

12      **B.**    **A Number Defendant's Affirmative Defenses Also Fail for Other Reasons**

13        In addition to being unsupported by the required factual allegations, several of Defendant's

14  affirmative defenses suffer from other deficiencies and must be stricken on these grounds as well.

15  Specifically, Defendant's first, second, sixth, tenth, and eleventh affirmative defenses must be

16  stricken because they are not affirmative defenses.  Similarly, Defendant's third, fourth, seventh,

17  and ninth affirmative defenses fail because, even if they are affirmative defenses, they are not

18  appropriate defenses in this action.  The Court addresses each category of defenses in turn.

19      **1.**    **Defendant's First, Second, Sixth, Tenth, and Eleventh Defenses Are Not Affirmative Defenses**

20        Plaintiff argues that Defendant's first (failure to state a claim), second and eleventh (lack of

21  causation), sixth (lack of damages), and tenth (license) affirmative defenses must be stricken

22  because they are not affirmative defenses but rather denials of the elements of Plaintiff's claims.

23  *See* Mot. at 5-6.  The Court agrees.

24        As recognized by the Ninth Circuit in *Federal Deposit Ins. Corp. v. Main Hurdman*,

25  "[a]ffirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny

26  plaintiff's right to recover, even if the allegations are true."  655 F. Supp. 259, 262 (E.D. Cal. 1987)

27  (citing *Gomez v. Toledo*, 446 U.S. 635, 640-41, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980)).  In

28

5

1   contrast, denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove

2   the elements of his claims are not affirmative defenses.  *See Zivkovic v. S. California Edison Co.*,

3   302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its

4   burden of proof is not an affirmative defense."); *Solis v. Couturier*, No. 08-02732, 2009 WL

5   2022343, at *3 (E.D. Cal. July 8, 2009).

6       Defendant's first affirmative defense, which alleges that Plaintiff has failed to state a claim,

7   Ans. at 8, is a denial that Plaintiff has sufficiently alleged each of the elements of Plaintiff's claim.

8   Accordingly, Defendant's first affirmative defense is not an affirmative defense.  Similarly,

9   Defendant's second, sixth, and eleventh affirmative defenses, which assert that Defendant did not

10  cause Plaintiff's injuries (second and eleventh) and that Plaintiff has not suffered any injury (sixth),

11  *see* Ans. 8-9, are, in essence, denials of Plaintiff's allegations regarding causation and damage.

12  Likewise, Defendant's Tenth Affirmative Defense, which alleges that Defendant had a license to

13  show the Program, *see* Ans. at 9, also is not an affirmative defense, but rather a denial of Plaintiff's

14  allegation that Defendant's showing of the Program was "unauthorized."  Compl. ¶ 18.

15      Accordingly, in addition to striking Defendant's first, second, sixth, tenth, and eleventh

16  affirmative defenses because they are not supported by sufficient facts, the Court strikes these

17  defenses because they are not affirmative defenses.[1]

18          ## 2.    Defendant's Third, Fourth, Seventh, and Ninth Affirmative Defenses
                     are Not Defenses to the Claims in this Case

19

20      Plaintiff also seeks to strike Defendant's third (good faith), fourth (copyright), seventh

21  (willfulness), and ninth (fair use doctrine) affirmative defenses on the grounds that they are not

22  defenses in this action.  *See* Mot. 6-8.  The Court agrees that, even if these defenses may be

23  characterized as affirmative defenses, they are not appropriate defenses in this case.

---

[1] While the Court has stricken Plaintiff's First, Second, Sixth, Tenth, and Eleventh Affirmative
Defenses from the Complaint because they are not *affirmative* defenses, Defendant is not precluded
from arguing, in a motion or at trial, that Plaintiff has failed to state a claim, or that Plaintiff's
allegations or the evidence elicited during discovery fail to show that: (1) Defendant caused
Plaintiff to suffer an injury, or (2) Defendant's showing of the Program was unauthorized. *See
Ansari v. Elec. Document Processing, Inc.*, 5:12-CV-01245-LHK, 2012 WL 3945482, at *5 (N.D.
Cal. Sept. 10, 2012) (striking "Defendants' first, seventeenth, twentieth, and twenty-fourth
affirmative defenses because… they [were] not proper affirmative defenses" but stating that
Defendants were "not precluded from raising these grounds [later] in a properly made motion").

United States District Court
For the Northern District of California

1    Defendant's third affirmative defense states that Defendant "acted at all times within the

2    scope of discretion, in good faith, with due care, and pursuant to applicable rules, regulations and

3    practices reasonably and in good faith belief to be in accordance with the laws of the United

4    States." Ans. at 8. Defendant's seventh affirmative defense states "that the purported acts of

5    Defendant alleged in the Complaint, if they were committed by Defendant at all, were not done

6    willfully." *Id.* These defenses assert, in essence, that Defendant did not act without due care or in

7    bad faith, or willfully violate the law.

8    In some circumstances, good faith may form the basis of an affirmative defense for which

9    the Defendant would bear the burden of pleading. *See e.g. Harlow v. Fitzgerald*, 457 U.S. 800

10   (1982) ("Qualified or 'good faith' immunity is an affirmative defense that must be pleaded by a

11   defendant official."). However, the Court is unaware of any case law holding that good faith

12   and/or due care, or lack of willfulness are affirmative defenses to the specific claims at issue in this

13   matter. The issue of willfulness is relevant to the extent Defendant may be subject to additional

14   fines if Plaintiff can establish that Defendant acted willfully. *See e.g.* 47 U.S.C.A. § 553(b) ("Any

15   person who willfully violates subsection (a)(1) of this section shall be fined not more than $1,000

16   or imprisoned for not more than 6 months, or both… Any person who violates subsection (a)(1) of

17   this section willfully and for purposes of commercial advantage or private financial gain shall be

18   fined not more than $50,000 or imprisoned for not more than 2 years, or both…."); 47 U.S.C.A. §

19   605(e) (same). However, to the extent Defendant's good faith and lack of willfulness defenses

20   simply deny Plaintiff's allegations that Defendant acted willfully, *see e.g.* Compl. ¶ 20, they are not

21   affirmative defenses. *See Zivkovic*, 302 F.3d at 1088 ("A defense which demonstrates that plaintiff

22   has not met its burden of proof is not an affirmative defense."); *Solis*, 2009 WL 2022343 at *3

23   (holding that denials of the allegations in the Complaint are not affirmative defenses).

24   Accordingly, Defendant's third and seventh affirmative defenses must be stricken.[2]

25   Plaintiff's fourth (copyright) and ninth (fair use doctrine) affirmative defenses similarly fail.

26   Defendant's fourth affirmative defense alleges that the "purported copyrights of Plaintiff are

27

28   _____

[2] Defendant may still argue that Defendant's alleged interception and/or display of the Program
was not willful.

Case No.: 5:12-CV-05284-LHK
ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES

unenforceable because the subject matter was in the public domain." Ans. at 8. However, this is not a copyright action and the Court is unaware of any authority supporting the proposition that Plaintiff's lack of an enforceable copyright in the Program is an affirmative defense to the claims in this action. *See Joe Hand Promotions, Inc. v. Nguyen*, 11-CV-04745 RMW, 2012 WL 1183738, at *3 (N.D. Cal. Apr. 6, 2012) (striking "copyright defenses," including "(1) the Akien exception, (2) permissible secondary transmission, and (5) untimely copyright registration," because plaintiff's claims were brought under Sections 553 and 605 and not "under copyright law").

Plaintiff's ninth affirmative defense alleges "that each and every claim is barred in whole or in part by the privilege of fair use." *Id.* at 9. However, this defense is a defense to copyright infringement, which is not alleged in the instant action. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 529 (9th Cir. 2008) (outlining "fair use" test); *See Nguyen*, 2012 WL 1183738 at *3 (striking copyright defenses). Moreover, as set forth *supra*, Plaintiff has not alleged any facts showing Plaintiff's use of the Program would be covered by the fair use doctrine. *See id.* (holding that the following factors may be considered in determining whether a defendant's use of a copyrighted work is covered by the fair use doctrine: "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work.").

Thus, in addition to not being supported by sufficient facts, Defendant's Third, Fourth, Seventh, and Ninth Affirmative Defenses fail because they are not proper defenses in this action.

### C.      Reservation of Defenses

Plaintiff also moves to strike the portion of Defendant's answer which states that Defendant "has not completed his investigation of the allegations of the Plaintiff in the Complaint, and specifically reserves the right to amend his Answer and present additional affirmative defenses as necessary." Ans. at 9. The Court agrees that this language should be stricken from the Complaint.

As stated by the Court in *Solis v. Zenith Capital, LLC*, "An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself." *Id.*, C 08-4854 PJH, 2009

Case No.: 5:12-CV-05284-LHK
ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES

WL 1324051, at *7 (N.D. Cal. May 8, 2009) (internal citation omitted). "Instead, if at some later date defendants seek to add affirmative defenses, they must comply with Rule 15 of the Federal Rules of Civil Procedure." *Id.* "Defendant[] cannot avoid the requirements of Rule 15 simply by reserving the right to amend or supplement their affirmative defenses." *Id.* (internal quotation marks omitted). Accordingly, Defendant's reservation of defenses is stricken. Defendant may seek leave to amend at a later date if it becomes clear that there are additional affirmative defenses which should be asserted.

## IV.    LEAVE TO AMEND

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 200) (en banc) (internal citations, quotation marks, and alterations omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1127 (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 892–93 (9th Cir.2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)) (alterations in original). "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'" *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 1007 (9th Cir.2009) (quoting *In re Read–Rite Corp.,* 335 F.3d 843, 845 (9th Cir.2003)). Indeed, repeated failure to cure a complaint's deficiencies by previous amendment is reason enough to deny leave to amend. *Abagninin v. AMVAC Chem. Corp.,* 545 F.3d 733, 742 (9th Cir.2008) (citing *Foman*, 371 U.S. at 182; *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990)).

9

United States District Court
For the Northern District of California

1    The Court denies Defendant leave to amend Defendant's first, second, sixth, tenth, and

2    eleventh affirmative defenses because they are not affirmative defenses, and thus leave to amend

3    would be futile.  The Court also denies Defendant leave to amend Defendant's third, fourth,

4    seventh, and ninth affirmative defenses because, they are not defenses in this action, and thus leave

5    to amend would be futile.  The Court grants Defendant leave to amend Defendant's fifth and eighth

6    affirmative defenses because Defendant may be able to allege facts showing that Plaintiff lacks

7    standing (fifth affirmative defense) or that Plaintiff's claims are barred by the statute of limitations

8    (eighth affirmative defense).

9    **V.       CONCLUSION**

10    For the foregoing reasons, the Court GRANTS Plaintiff's motion to strike.  The Court

11    denies Defendant leave to amend Defendant's first, second, third, fourth, sixth, seventh, ninth,

12    tenth, and eleventh affirmative defenses.  The Court grants Defendant leave to amend Defendant's

13    fifth and eighth affirmative defenses to cure deficiencies identified herein.  Any amended Answer

14    must be filed within 30 days of this Order.  If Defendant fails to file an amended Answer,

15    Defendant's fifth and eighth affirmative defenses will be deemed stricken with prejudice.[3]

16    For assistance with amending Defendant's Answer, the Court refers Defendant, who is *pro*

17    *se*, to the Federal Legal Assistance Self-Help ("FLASH") Center in the United States Courthouse

18    located at 280 South 1st Street, 2nd Floor, Room 2070, San Jose, CA 95113.  Defendant may

19    contact FLASH at 408-297-1480.  FLASH's regular office hours are Mondays and Tuesdays, 9:30

20    a.m. - 4:30 p.m., and Wednesdays by appointment.

21    **IT IS SO ORDERED.**

22    Dated: May 14, 2013                                    _Lucy H. Koh_

23                                                                       LUCY H. KOH
                                                                         United States District Judge

24

25

26    _____

[3] The Court notes that, as a practical matter, even if Plaintiff's fifth affirmative defense (lack of

27    standing) is stricken with prejudice, Defendant will not be precluded from arguing that Plaintiff lacks standing at a later time because issues of standing are jurisdictional and therefore, may be raised at any time.  *See e.g. Ctr. For Biological Diversity v. Kempthorne*, 588 F.3d 701, 707 (9th

28    Cir. 2009) ("[T]he jurisdictional issue of standing can be raised at any time") (quoting *United States v. Viltrakis,* 108 F.3d 1159, 1160 (9th Cir.1997)).

10

**United States District Court**
For the Northern District of California